**United States District Court**
For the Northern District of California

1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7
8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   JOHN NAVARRETE, individually and on          No. C 19-00767 WHA
     behalf of all others similarly situated,          *Related to*:
11                                                 No. C 19-00819 WHA
12                 Plaintiff,                      No. C 19-00908 WHA
13      v.                                         **ORDER RE MOTIONS TO
                                                   (1) CONSOLIDATE AND TO
14   HILL'S PET NUTRITION, INC.,                   APPOINT INTERIM CLASS
                                                   COUNSEL; (2) EXPEDITE
15                 Defendant.                      DISCOVERY; AND (3) STAY**
16
17   _____/
18                              **INTRODUCTION**
19        In this consumer-protection action, plaintiffs move to consolidate three related actions,
20   for appointment of interim class counsel, and for expedited discovery.  Defendant, in turn,
21   moves to stay the actions pending a potential transfer to a multidistrict litigation proceeding.
22   For the reasons explained below, all motions are **DENIED**.
23                              **STATEMENT**
24        Defendant Hill's Pet Nutrition, Inc. manufactured pet nutrition products, including dog
25   and cat food.  In January 2019, defendant issued a voluntary recall for select canned dog food
26   products because the products contained excessive amounts of vitamin D.  Defendant updated
27   the list of recalled food in February 2019 and again in March 2019.  Following the recall,
28   several putative class actions were filed against defendant throughout the United States.  Three
     of those actions are currently pending before the undersigned judge:  (1) *Navarrete v. Hill's Pet*

1  *Nutrition, Inc.*, Case No. C 19-00767 WHA; (2) *Sun-Dampier v. Hill's Pet Nutrition, Inc.*, Case

2  No. C 19-00819 WHA; and (3) *Bauer v. Hill's Pet Nutrition, Inc.*, Case No. C 19-00908 WHA.

3         On February 20, 2019, plaintiffs in *Navarrete* and *Bauer* — all represented by the same

4  counsel at Schubert Jonckheer & Kolbe LLP — filed with the Judicial Panel on Multidistrict

5  Litigation a motion to transfer the pending actions to the Northern District of California.

6  Briefing on the motion is now complete and a hearing on the motion is set for May 30.  In this

7  district, the parties now move for various forms of relief.  This order follows full briefing and

8  oral argument.

**ANALYSIS**

10  **1.    MOTION TO CONSOLIDATE AND FOR APPOINTMENT OF INTERIM COUNSEL.**

11         Under FRCP 42(a), a district court may consolidate actions where the actions involve a

12  "common question of law or fact."  A "district court has broad discretion under this rule to

13  consolidate cases pending in the same district."  *Investors Research Co. v. U.S. Dist. Court for

14  Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  In determining whether to consolidate

15  cases, the court should "weigh the interest of judicial convenience against the potential for

16  delay, confusion, and prejudice."  *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052

17  (N.D. Cal. 2010) (Judge Jeffrey White).

18         Here, the plaintiffs in the three related actions are dog owners who purchased the

19  recalled products.  Each plaintiff alleges that, as a result of feeding defendant's products to their

20  pets, their dog became seriously ill or died.  While all agree that the related actions involve

21  overlapping legal claims and putative classes, defendant highlights that all parties who filed

22  responsive briefs with the JPML supported MDL consolidation, making it likely that the JPML

23  will transfer and consolidate the cases.  Given the likelihood of consolidation by the JPML,

24  consolidation of our three actions is currently unnecessary.  This order will let sleeping dogs lie.

25  The motion to consolidate is **DENIED**.

26         Seeking a leg up in the seemingly inevitable MDL action, the *Navarrete* and *Bauer*

27  plaintiffs also move to appoint their attorney, Robert C. Schubert of Schubert Jonckheer &

28  Kolbe LLP, as interim class counsel.  While FRCP 23(g)(3) permits designation of interim

*United States District Court*
For the Northern District of California

2

counsel to "act on behalf of a putative class," appointing interim counsel at this stage of the litigation is unnecessary. The putative class would instead be better served by waiting for the JPML's determination regarding consolidation prior to the appointment of interim counsel. Should the cases be consolidated, interim counsel should possibly be appointed once all parties and their counsel have been given a fair opportunity to be heard. The motion for appointment of interim counsel is **DENIED**.

It is worth noting that in responding to the motion to appoint interim class counsel, defendant explains that while presiding over a hearing on a motion filed by one set of plaintiffs, Magistrate Judge Patricia Sullivan of the United States District Court for the District of Rhode Island invited the parties to consider mediation. Because there is "a strong consensus building in favor of an early mediation," defendant and the *Bauer* and *Navarrete* plaintiffs propose appointing interim class counsel for the limited purposes of participating in a broader mediation. This is barking up the wrong tree. In the undersigned's view, any settlement discussions now would be premature. It is in the best interest of absent class members to first work through the protections of FRCP 23 to define what claims, if any, are suitable for class treatment and to negotiate a settlement once they have a certification order in hand. In that way, class counsel negotiates from the strength of a certification order. Moreover, a settlement should usually be negotiated only after adequate investigation and discovery by class counsel. While pre-certification settlement discussions are sometimes warranted — such as when the defendant has dwindling resources such that a prompt settlement is necessary to recover anything at all — such a showing has not been made here. The request to appoint interim counsel to engage in class-wide settlement discussions is accordingly **DENIED**.

**2.    MOTION FOR EXPEDITED DISCOVERY.**

Next, plaintiffs in the *Navarrete* action move for expedited discovery concerning pet food products not currently covered by defendant's recall, arguing that such discovery is needed to determine the extent to which other products may contain dangerously high levels of vitamin D. Ordinarily, parties must hold an FRCP 26(f) conference prior to beginning discovery, which conference must be held at least 21 days before the initial case management conference. Courts

**United States District Court**
For the Northern District of California

1    can authorize earlier discovery where the requesting party demonstrates "good cause," which

2    may be found where the need for expedited discovery outweighs the prejudice to the responding

3    party.  *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (Judge

4    Edward Chen).  The initial case management conference in these related actions is set for May

5    23.  Discovery is therefore set to begin on May 2.

6        Defendant argues that the requested discovery is unnecessary because the FDA has been

7    investigating and testing defendant's non-recalled pet food products.  Accordingly, defendant

8    argues, the relief plaintiffs intend to seek in their anticipated motion for a preliminary injunction

9    — an order prohibiting the further sale of certain non-recalled pet foods — would interfere with

10   the FDA's primary jurisdiction.  But that dog won't hunt.  At least at this stage, it is premature

11   to deny provisional relief as to a motion yet to be filed.  Nevertheless, plaintiffs seek responses

12   to interrogatories and document requests which are excessively broad.  Because plaintiffs'

13   requests are not narrowly tailored, the motion for expedited discovery is **DENIED**.

14       **3.    MOTION TO STAY.**

15       The power to grant a temporary stay "is incidental to the power inherent in every court

16   to control the disposition of the causes on its docket with economy of time and effort for itself,

17   for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  "[A] district

18   judge should not automatically stay discovery, postpone rulings on pending motions, or

19   generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and

20   consolidation."  *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (Judge

21   Andrew Hauk).  "When considering a motion to stay, the district court should consider three

22   factors:  (1) potential prejudice to the non-moving party; (2) hardship and inequity to the

23   moving party if the action is not stayed; and (3) the judicial resources that would be saved by

24   avoiding duplicative litigation if the cases are in fact consolidated."  *Ibid.*

25       On balance, discovery taken here will be useful even in the event that the MDL

26   consolidation does occur.  Defendant would eventually have to turn over the same documents

27   and plaintiffs would have to depose the same witnesses whether or not these actions are

28   consolidated and transferred.  Defendant's motion for a stay is accordingly **DENIED**.

## CONCLUSION

For the foregoing reasons, the parties' respective motions are **DENIED**.  The case management conference is **CONTINUED** to **JUNE 6 AT 11:00 A.M.** but the parties must still hold their Rule 26(f) conference by **MAY 2**.

**IT IS SO ORDERED.**

Dated: May 1, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE